**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

HENRY WILSON,                                    *
                                                 *
                      Plaintiff,                 *
                                                 *
v.                                               *          CASE NO. 4:07-CV-49 (CDL)
                                                 *            42 U.S.C. § 1983
COLUMBUS POLICE                                  *
DEPARTMENT, J.J. FOX and                         *
OFFICER JANE DOE,                                *
                                                 *
                      Defendants.                *

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action, filed on June

15, 2007. (R-10).  The Plaintiff was mailed notification of his right to respond but failed to

do so within the time allowed.[1]

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be

accepted as true, must evidence that there is no set of facts entitling him to relief.  *Executive*

*100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11ᵗʰ Cir. 1991); *see also Luckey v. Harris*,

860 F.2d 1012, 1016-17 (11ᵗʰ Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*,

800 F.2d 1577, 1579 (11ᵗʰ Cir. 1986).  In such a situation, Rule 12(b)(6) of the *Federal Rules*

*of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive

issue of law.  *Neitzke v. Williams*, 490 U.S. 319 (1989).  If, as a matter of law, it is clear that

---

[1]The Notification was returned to the Court on July 11, 2007, indicating that Plaintiff had
been released from jail.

no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id.* Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

**DISCUSSION**

On April 3, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Defendants violated his constitutional rights when they failed to properly restrain him in the back seat of a patrol car after he was arrested. In his complaint, Plaintiff seeks compensatory damages for his injuries, the officers' neglect and his pain and suffering. (R-1, p. 8).

In their Motion to Dismiss, the Defendants contend that the Plaintiff has failed to state a proper Eighth Amendment claim, that they are entitled to qualified immunity, and that Defendant Columbus Police Department is not a "person" within the meaning of 42 U.S.C. § 1983.

I.    **Failure to State a Claim**

As stated above, Plaintiff's complaint seeks compensatory damages where the Defendants arrested him on July 8, 2006, handcuffed him and placed him in the back of a patrol car without restraining him with a seatbelt. (R-1, p. 6). He claims that the Defendants were "neglectful" in placing him in the patrol car in handcuffs, thereby causing injury to him when the car turned a corner and he was ejected from the vehicle. *Id.* at 7.

A plaintiff who challenges the conditions of his confinement under the standard set

2

by the Eighth Amendment, must prove that the conditions complained of constitute "cruel and unusual punishment." *U.S.C.A Const. Amend 8.* In this case, Plaintiff's claims that he was not restrained properly fall under the Eighth Amendment's prohibition against cruel and unusual punishment. A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S. Ct. 2321 (1991). The objective component requires proof that the deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S. Ct. 995 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. 1970.

The undisputed facts in this action fail to establish a constitutional violation. The injury alleged by Plaintiff occurred not from any deliberate act on the part of the Defendants, but from an unforeseeable accident. Plaintiff himself contends that the actions of the Defendants were negligent, not willful or deliberate. Although Plaintiff claims he should have been restrained with a seatbelt, Plaintiff has failed to make a sufficient showing that Defendants were deliberately indifferent to his needs by not strapping him in with a seatbelt. Thus, Plaintiff has failed to satisfy the subjective prong of an Eighth Amendment claim, and, as such, Plaintiff has failed to state a cognizable Eighth Amendment claim.

## II.      Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known.  In sum, qualified immunity is a guarantee of fair warning.  *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.).  The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001).  The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991).  On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156.  "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*  In this case, the Plaintiff claims that after he was arrested, he was injured after the patrol car he was riding in turned a corner and he was ejected.

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).  Here, such is the case.  The Plaintiff has failed to prove that any the rights

guaranteed to him through the United States Constitution were violated by the Defendants as alleged in his complaint. His only complaint was that the Defendants negligently failed to strap him into the back seat of the patrol car with a seatbelt. Plaintiff's claims fail to rise to the level of a violation of any of his constitutional rights. Therefore, no further analysis is required, and Plaintiff's claims against Defendants should be dismissed.

**III.    Columbus Police Department**

Defendant Columbus Police Department argues Plaintiff's claims against it be dismissed where it is not a "person" within the meaning of 42 U.S.C. §1983.   In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). To qualify as a legal entity, the party must be a **natural or an artificial person** or **a quasi-artificial person**, such as a partnership. If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Id.* at 649. The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

A governmental entity, however, can be deemed a "person" for purposes of § 1983 liability. *See, Grech v. Clayton County, Georgia*, 335 F.3d 1326, 1329 (11th Cir. 1003). However, for them to be found liable, the Plaintiff must show that an "official policy" of the entity causes a constitutional violation. *Grech* at 1329; *citing, Monell v. Dep't of Soc. Servs.,*

436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Thus, the Plaintiff must show

"either (1) an officially promulgated county policy or (2) an unofficial custom or practice of

the county shown through the repeated acts of a final policymaker for the county." *Id.;*

*Monell,* 436 U.S. at 690-91, 694, 98 S.Ct. 2018; *Brown v. Neumann,* 188 F.3d 1289, 1290

(11th Cir.1999) *1330 (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121, 108 S.Ct.

915, 99 L.Ed.2d 107 (1988)).  A review of the pleadings reveals that Plaintiff has alleged no

wrongdoing on the part of the Defendant Columbus Police Department.  His complaint, as

noted *supra*, merely alleges  that Defendants Fox and Doe negligently failed to put a seatbelt

on him.  Thus, because the Plaintiff has failed to allege any custom or practice committed by

the Columbus Police Department that violated his constitutional right to be free of cruel and

unusual punishment, the Defendant's Motion to Dismiss should be granted.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to

Dismiss be GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to

this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10)

DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of August , 2007.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw